Affirmed and Majority and Dissenting Opinions filed May 9, 2006









Affirmed and Majority and Dissenting Opinions filed May 9,
2006.

 

 

In The

 

Fourteenth Court of Appeals

_______________

 

NO. 14-05-00371-CR

_______________

 

RAQUEL MELENDEZ, Appellant

 

V.

 

THE STATE OF TEXAS, Appellee

                                                                                                                                               


On Appeal from the County Criminal
Court at Law No. 2

Harris County, Texas

Trial Court Cause No. 1225398

                                                                                                                                               


 

M A J O R I T Y 
 O P I N I O N

 

Raquel
Melendez appeals a conviction for prostitution[1]
on the grounds that the trial court erred by overruling her objections to jury
argument and hearsay evidence.  We
affirm.








Jury
Argument

Appellant=s first issue contends that the trial
court erred by overruling the following objections to the State=s jury argument: 

Prosecutor:    . . . there=s a place
where prostitution is alive and well. 
She=s one of the people who contributes to that.  A reason she doesn=t remember this event, think about it, why doesn=t she remember offering to engage in
prostitution?  It=s because this is something that she does day in and
day out.

Appellant:       Objection . . . outside the record.

The Court:      Overruled.

Prosecutor:    This was not some singular event that she=s going to remember.

Appellant:       Objection, outside the record . . . .

The Court:      Overruled.

Prosecutor:    This is not some singular event that she=s going to remember. 
This is something that happens on a daily basis.

Appellant:       Objection, outside the record . . . .

The Court:      Overruled.

(emphasis
added).  Appellant contends that there
was no evidence supporting the portion of the State=s argument (italicized above) that
she regularly engaged in prostitution or had ever done so before. 

Proper
jury argument includes, among other things, reasonable deductions from the
evidence.  Wesbrook v. State, 29
S.W.3d 103, 115 (Tex. Crim. App. 2000). 
Thus, it is improper to argue facts that are not in evidence.  See Threadgill v. State, 146 S.W.3d
654, 666 (Tex. Crim. App. 2004). 
However, trial counsel is allowed wide latitude in drawing inferences
from the evidence, so long as the inferences drawn are reasonable and offered
in good faith.  Cantu v. State,
939 S.W.2d 627,  633 (Tex. Crim. App.
1997). 








In
this case, the State=s only witness was Deputy Kevin Monfort, an undercover member
of the Harris County Sheriff=s Department vice unit. 
He testified that on the evening of the offense, he was participating in
an undercover investigation  of  citizen complaints of prostitution and
violations of the sexually-oriented business laws at the St. James Cabaret (the
ACabaret@) when appellant, a dancer there,
approached his table, identified herself as ALila,@ 
and asked to sit down.  During
their conversation, appellant asked Monfort if he was there to Aplay,@ which Monfort testified was a slang
term used in sexually-oriented businesses to refer to sex for pay in order to
avoid using explicit sexual terms or the word Aprostitution.@ 
Appellant then invited Monfort to a private room, where she performed
two private dances and repeatedly touched him in a sexual manner that violated
sexually-oriented business regulations. 
After the dances, appellant sat on Monfort=s lap and again discussed the topic
of Aplaying.@ 
When Monfort expressed interest, appellant engaged in a negotiation,
which resulted in a price of $325 for Astraight sex.@ 
During this negotiation, Monfort stated that appellant expressed no
surprise at any of his questions and clearly understood the nature of the
transaction they were negotiating. 
When  Monfort informed appellant
that he did not have enough cash, appellant attempted to hold the cash he did
have until he could get more and suggested that Monfort use the club=s cash machine.  After Monfort explained that he did not want
to do that, appellant told him he could use her name when he returned to avoid
paying another entrance fee.  Monfort
then left the club without returning, and appellant was later arrested after
her identity was determined using the database Harris County maintains for
sexually-oriented businesses. 

Appellant
testified at trial that she did not recognize Monfort or remember dancing for
him or any other events on the evening in question.[2]  However, she stated that she did not offer to
have sex with him because she never did that. 
She agreed that she had danced for hundreds of men in the intervening
year between the alleged offense and trial.








 Because there is no direct evidence of any
other instance in which appellant offered to engage in sex for pay, we consider
whether the evidence nevertheless reasonably supports an inference that doing
so was a commonplace occurrence for her and thus supports the prosecutor=s argument to that effect
circumstantially.  Deputy Monfort=s testimony, outlined above, showed
not only that appellant had offered to engage in sex for pay, but also that:
(1) she brought up the subject; (2) she did so using a term that is commonly
employed as a euphemism for prostitution in sexually-oriented businesses; (3)
she invited Monfort to a private room where she could, without being observed
by others, touch him in ways that not only violated applicable laws, but were
arguably calculated to increase Monfort=s interest in paying to have sex with
her; and then (4) she again pursued the subject with him and engaged in a
negotiation of price in a way that reflected both a clear understanding of what
was involved and an aggressiveness in Aclosing the deal.@ 


From
this evidence, it could reasonably be inferred that appellant had a level of
experience and skill in these matters that had been developed through other
such instances and, thus, that offering to engage in sex for pay was a
commonplace occurrence for her.  Under
these circumstances, it was within the trial court=s discretion to conclude that the
State=s argument to that effect was within
the wide latitude allowed for drawing inferences from the evidence.  Accordingly, appellant=s first issue is overruled.

Hearsay
Evidence

Appellant=s second issue argues that the trial
court erred by overruling her hearsay objection to State=s Exhibit 1, appellant=s completed Sexually Oriented
Business Employee Information Record.[3]  We review a trial court=s decision to admit or exclude
evidence for  abuse of discretion.  Shuffield v. State, ___ S.W.3d ___,
___, 2006 WL 335911, at *9 (Tex. Crim. App. 2006).  Error, if any, in the admission of evidence
is cured where the same evidence comes in elsewhere without objection, either
before or after the complained-of ruling. 
Lane v. State, 151 S.W.3d 188, 192-93 (Tex. Crim. App. 2004).








Here,
appellant objected to the exhibit at trial on the basis that it was hearsay
(and presumably not subject to the business records exception) because: (1)
someone from the Cabaret needed to authenticate the exhibit because the entries
were not made by the Sheriff=s Department, but by someone from the Cabaret; and (2) Deputy
Monfort did not testify that he was the custodian of the records.[4]
 However, the predicate for the business
records exception to the hearsay rule may be established either by the
custodian of records or another qualified witness. Tex.R. Evid. 803(6).  Rule 803(6) does not require that the witness
be the person who made the record or even be employed by the organization that
made or maintained the record, and appellant cites no authority imposing any
such requirement.  Therefore, appellant=s second issue fails to demonstrate
that Monfort was not a qualified witness for purposes of the business record
exception to the hearsay rule.








Appellant
also argues that admission of this exhibit substantially strengthened the State=s case because, without it, the State
would have necessarily relied solely upon Monfort=s independent recall of the event,
and the defense theory of the case, that Monfort  misidentified appellant, would have been more
credible.  However, Monfort testified
without objection prior to the admission of the exhibit that he had discovered
appellant=s real name through the vice
department=s database (for which Exhibit 1 had
been created and was the source of the information concerning appellant) using
her stage name ALila@ and verifying her identity through the photograph attached
to the exhibit.  In addition, appellant
testified, after admission of this exhibit, that she used the stage name ALila,@ and that she had completed that
form.  Because appellant=s identification from this exhibit
was therefore established elsewhere at trial without objection, any error in
admitting the exhibit was cured. 
Accordingly, appellant=s second issue is overruled, and the judgment of the trial
court is affirmed.

 

 

 

/s/        Richard H. Edelman

Justice

 

Judgment rendered
and Majority and Dissenting Opinions filed May 9, 2006.

Panel consists of
Justices Anderson, Edelman, and Frost. 
(Frost, J., dissenting).

Publish C Tex.
R. App. P. 47.2(b).











[1]           A jury
convicted appellant, and the trial court assessed a fine and 45 day sentence,
but suspended the sentence and placed her on community supervision for one
year.





[2]           The
offense occurred in late February 2004, charges were filed in March 2004, but
appellant allegedly did not learn of the charges until early November 2004.





[3]           This
document contains a photograph and description of appellant, as well as her
stage name ALila,@ legal name, address, social security number, and
driver=s license information.





[4]           Appellant
also complains for the first time on appeal that this exhibit should not have
been admitted under the business records exception to the hearsay rule because
Monfort did not testify that:  (1) the
record was made at or near the time of the event being recorded; or (2) the
person making the records or submitting the information had personal knowledge
of the events being recorded.  However,
because these elements were not challenged in the trial court, they are not properly
before us for review.  See Tex. R. App. P. 33.1(a)(1)(A); Wilson
v. State, 71 S.W.3d 346, 349 (Tex. Crim. App. 2002); see also Carty v.
State, 178 S.W.3d 297, 305 (Tex. App.CHouston
[1st Dist.] 2005, pet. ref=d).